UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY BROOKS,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT FOX, et al.,<br><br>   Defendants. | No. 2:17-cv-1587-EFB P<br><br>ORDER GRANTING IFP AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983,[1] seeks leave to proceed in forma pauperis.

**I.   Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

1 § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff's complaint (ECF No. 1) alleges that the California Correctional Health Care Services ("CCHCS") notified plaintiff of a "potential breach" of his personal information and medical records when an unencrypted laptop was stolen from the vehicle of a CCHCS employee.

2

He purports to bring a claim pursuant to 42 U.S.C. § 1983, and wishes to hold the defendants, Fox, Horch, and Lewis, "accountable for these constitutional violations." ECF No. 1 at 6. However, he does not identify any constitutional violations or otherwise specify what any particular defendant did to violate his rights. Instead, he alleges that the unauthorized release of his private information amounted to "negligence" and a violation of the "Confidentiality Act of Code § 56," also known as California's Confidentiality of Medical Information Act. *Id.* at 3. As set forth below, the complaint must be dismissed because it demonstrates a lack of standing and otherwise fails to state a cognizable claim under 42 U.S.C § 1983.

Plaintiff is required to establish standing for each claim he asserts. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

The constitutional right to informational privacy extends to medical information. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing *Doe v. Attorney Gen. of the United States*, 941 F.2d 780, 795 (9th Cir. 1991)). In this case, however, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative. Plaintiff has not shown he has actual standing to sue because the complaint demonstrates only a "potential" breach of plaintiff's personal information. It is unknown whether the stolen laptop contained any sensitive information at all and even if it did, plaintiff alleges no actual misuse of such

3

information. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. Any claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. *See Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

In addition, plaintiff fails to state a claim for relief pursuant to § 1983. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff alleges negligence only; he does not identify any violation of a federal constitutional or statutory right. There are also no allegations showing how any of the defendants caused or participated in any violation of plaintiff's rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Even construing the complaint as asserting a claim under the Due Process Clause, which protects prisoners from being deprived of property without due process of law, the allegations would not support such a claim. "It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment." *See Doe v. Beard*, 2014 U.S. Dist. LEXIS 95643, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), *citing Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

For these reasons, the complaint demonstrates that plaintiff has no standing to pursue a federal claim and otherwise fails to demonstrate a violation of plaintiff's federal rights. As such, the court declines to address plaintiff's purported state law claims. *See* 28 U.S.C. § 1367.

4

Leave to amend in this case would be futile, as the complaint reveals that there is no actual or concrete injury to plaintiff. Because these deficiencies cannot be cured by further amendment, the complaint must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). Further, the dismissal is without prejudice should plaintiff's claims ever ripen to an actual case or controversy arising from an injury due to an actual disclosure of any of his information.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that:

1. This action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A; and
2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2018.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE